# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**KENNA DOLIN,**

    **Petitioner,**

v.                                                Case No. 2:15-cv-00947

**STATE OF WEST VIRGINIA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Section 2241 of Title 28 of the United States Code provides a federal court with the power to grant a writ of habeas corpus to a prisoner housed within their jurisdiction who demonstrates that he or she is <u>in custody</u> in violation of the Constitution, or laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, where a prisoner is challenging a previously imposed conviction, the appropriate vehicle for such a challenge is usually a habeas corpus petition filed under 28 U.S.C. § 2254. Relief under section 2254 may also only be granted where the petitioner is "in custody."

**RELEVANT FACTUAL BACKGROUND**

A thorough reading of the petitioner's petition and the documents attached thereto demonstrates that, on March 19, 2004, the petitioner was sentenced to concurrent indeterminate sentences of not less than 10 nor more than 20 years in prison following his conviction on three felony sex offenses in the Circuit Court of Boone County, West Virginia. (Order Upon Sentencing to Penitentiary, *State of West Virginia v. Kenna Elroy Dolin*, No. 02-F-12, ECF No. 1, Attach. 1). According to the petition, the petitioner did not appeal his convictions and sentences to the Supreme Court of Appeals of West Virginia. (ECF No. 1 at 2). The petition does not indicate whether the petitioner sought habeas corpus relief in the state courts and, according to the records of the Circuit Court of Boone County, he has not sought such relief.

The instant petition appears to have been drafted by the petitioner's son, Robert Sansom, and lists a post office box in New Haven, West Virginia, as the petitioner's address. Based upon a review of the websites of the West Virginia Division of Corrections, the West Virginia Regional Jail & Correctional Facility Authority, and the Federal Bureau of Prisons, the petitioner does not presently appear to be incarcerated. Moreover, according to the records department of the West Virginia Division of Corrections, the petitioner discharged his state sentence on March 19, 2014.

The petition contains the following grounds for relief:

**GROUND ONE:** Contractual Laws, Equal Protection, Due Process, 1st, 5th, 14th, I want relief because I was not convicted through trial. It was written in stone and also against the "Scope of Powers" Doctrine embedded in the U.S. Constitution & against the doctrine of stare deceases [sic; decisis] & as well as the doctrine of the ex post facto laws "Landmark Laws" See Att. Response Brief

**GROUND TWO:** Ex Post Facto

> **GROUND THREE:** Due Process – Due Process
>
> **GROUND FOUR:** "Separation of powers" – Equal Protection
>
> See Addendum – In Response Brief. Also see Res-Juda-Carter [sic; res judicata]
>
> I need a Response Brief to argue my alternative relief on the Res-Juda-Carta [sic; res judicata] law as well as some Landmark Laws embedded into our U.S. Const. doctrines Ex post facto, etc.

(*Id.* at 6-8). The petition then makes the following request for relief:

> I wish this court to grant and exercise the power & jurisdiction to grant an injunction as well as a release of "the master file" of said movant over to his personal review and his said representatives as the said place of confinement still retains order of request: Needs to be as ordered. "In camera review" it is so prayed for this "Honorable Court to review" so "[illegible word] prayed for this relief" Relief is so prayed for.

(*Id.* at 8).

## ANALYSIS

The petitioner appears to be asserting constitutional challenges to his 2004 state court convictions. Section 2241 is generally used to attack the execution of a sentence, and not the validity of the conviction or sentence itself. Instead, a prisoner challenging the validity of a previously imposed state conviction or sentence, such as those challenged by the petitioner herein, generally must do so under 28 U.S.C. § 2254, which has certain procedural requirements, including a statute of limitations. Moreover:

> [A] state prisoner cannot evade the procedural requirements of § 2254 by filing something purportedly to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner – *i.e.*, if he is "in custody pursuant to the judgment of a State court" – then we must apply its requirements to him.

*Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). As further addressed herein, however, there are several reasons why this federal court is barred from reviewing the

merits of this petition under any of the federal statutory authority governing habeas corpus relief.

### A. Petitioner is not "in custody" for the purpose of challenging the validity of his 2004 convictions.

In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court held:

> We have interpreted the statutory language [of both 28 U.S.C. §§ 2241(c)(3) and 2254(a)] as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. See *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1560, 20 L. Ed.2d 554 (1968). * * * <u>We have never held, however, that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.</u>

490 U.S. at 490-91 [Emphasis added]; *see also Wilson v. Flaherty*, 689 F.3d 332, 336-338 (4th Cir. 2012) (noting that the Supreme Court has never held that a defendant whose sentence has fully expired may still be "in custody" to challenge such conviction or sentence).

As noted above, the petitioner herein discharged his state sentences on March 19, 2014. Consequently, the undersigned proposes that the presiding District Judge **FIND** that the petitioner is not in custody for the purpose of challenging his 2004 convictions under either § 2241 or § 2254 and, therefore, this court lacks jurisdiction to consider his claims thereunder.

### B. This petition must be treated as a petition for a writ of error *coram nobis* over which this federal court lacks jurisdiction.

As further noted in *Wilson, supra*, individuals seeking relief concerning fundamental errors related to their prior conviction who are no longer in custody are not necessarily without remedy, as they may be able to pursue relief through a petition for a writ of error *coram nobis* in state court, if the state court recognizes such a remedy. 689 F.3d at 339. To the extent that such relief is still available, a federal court's jurisdiction to

4

grant a writ of error *coram nobis* on a federal conviction would be governed by the All Writs Act, 28 U.S.C. § 1651(a). However, a federal court cannot grant *coram nobis* relief on a state court conviction. *See, e.g., Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964); *In re Shelton*, 1 Fed. App'x 149 (4th Cir. 2000) (per curiam) (unpublished); *Campbell v. DeWalt*, 2010 WL 2901874 at *2 (S.D. W. Va. July 21, 2010) (federal district courts lack jurisdiction to issue writs of error *coram nobis* to set aside judgments of state courts). Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that this federal court also lacks jurisdiction to consider the petitioner's petition as one for *coram nobis* relief.

> **C. Alternatively, if the petitioner can be considered to be "in custody" to challenge his West Virginia convictions, the instant petition is time-barred.**

As noted above, even if it is determined that the petitioner is "in custody" for the purpose of the challenges made in his petition, the instant petition is subject to the procedural requirements of 28 U.S.C. § 2254. On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The petitioner's 2004 state convictions became final on or about July 19, 2004, after the enactment of the AEDPA. Thus, his petition is subject to AEDPA's requirements. There is no indication that the petitioner had a properly filed habeas corpus petition pending in the state courts between March 19, 2004, when he was sentenced, and January 21, 2015, when he filed the instant habeas corpus petition. Thus, the instant petition was filed well more than a year after the petitioner's judgment became final and the petitioner has not asserted any facts to support a finding that any of the other tolling provisions would be applicable to his case. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the instant petition is untimely under 28 U.S.C. § 2244(d)(1).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the petitioner shall have fourteen days (filing of objections) and three days (mailing) from the

date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner.

October 3, 2017

Dwane L. Tinsley
United States Magistrate Judge