IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNA DOLIN,

           Petitioner,

v.                                                                  CIVIL ACTION NO. 2:15-cv-00947

STATE OF WEST VIRGINIA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court is a handwritten filing from Petitioner entitled "Declaration of Right and/or Summary Judgment," which he sent two weeks after this action's dismissal. (ECF No. 6.) Petitioner originally filed a habeas corpus petition in early 2015 pursuant to 28 U.S.C. § 2241, challenging certain state convictions from 2004. (*See* ECF No. 1.) After analyzing the petition under both § 2241 and the more relevant § 2254, this Court adopted Magistrate Judge Dwane L. Tinsley's proposed findings and recommendation, (ECF No. 4), to which Petitioner filed no objections, and dismissed the petition on November 1, 2017. (ECF No. 5.) The document now before the Court was filed on November 14, 2017. (ECF No. 6.)

The filing contains what appear to be three substantive claims for habeas relief. The first is based on alleged ex post facto violations within his underlying criminal case's plea agreement. (*See id.* at 2–3.) The second and third claims seem to generally state alleged violations of the equal protection and due process clauses although Petitioner provides no supporting facts or other allegations with these latter two claims. (*See id.* at 4.) The same three claims were raised in his

original petition as bases for challenging the validity of his state convictions. (*See* ECF No. 1 at 2, 6–7.) Additionally, Petitioner attaches to the document a copy of this case's docket, the Court's memorandum opinion and order dismissing this case, and two orders from 2004 entered in his underlying state criminal case. (*Id.* at 5–14.)

Even affording Petitioner's filing liberal construction, it provides no basis for reopening this case or disturbing the Court's November 1, 2017, memorandum opinion and order. The document includes no information—beyond a throwaway line that "this Court is in fact the proper venue"—that would allow the Court to construe it as a motion to reconsider its previous order. Petitioner merely restates three grounds for relief that he originally raised in the habeas petition, which the Court previously analyzed and dismissed. (*See* ECF Nos. 4, 5.) Further, a motion for summary judgment is procedurally inappropriate given that this matter was closed prior to the document's filing. For these reasons, the Court finds that Petitioner provides no basis for altering the previously entered memorandum opinion and order. Insofar as Petitioner's filing could be construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) or 60, it is **DENIED**. (ECF No. 6.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 12, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE